UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VINCENT CENTAUR,

Plaintiff,

v. Case No. 3:03-cv-848-J-32MCR

KATINA WERNER, etc.;
et al.,

Defendants.

---

**ORDER**

On October 2, 2003, Plaintiff Vincent Centaur, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Complaint (Doc. #1). In accordance with this Court's Order to Amend (Doc. #5), Plaintiff filed an Amended Complaint (Doc. #9) pursuant to 42 U.S.C. § 1983 on November 3, 2003.

In the Amended Complaint (Doc. #9), filed November 3, 2003, Plaintiff claims unlawful search and seizure at his home on July 18, 19 and 22, 2002. As relief, he requests monetary damages for the loss of personal property, for the unconstitutional acts of the Defendants, for mental stress and for lost wages. He names the following individuals as Defendants in this action: (1) Christina Nieto Johnson, an Assistant State Attorney in Columbia County; (2) Katina Werner, an investigator with the Columbia County Sheriff's Department; (3) Gabe Kimble, an investigator with the Columbia County Sheriff's Department; (4) Stacy Dilmore, an investigator with the Columbia County Sheriff's Department; (5) Randy Dowling,

a patrol officer with the Columbia County Sheriff's Department; (6) Charlie Crist, the Attorney General of the State of Florida; (7) Frank Owens, the Sheriff of Columbia County; and, (8) Gregory T. Brown, an Assistant Public Defender with the Public Defender's Office in Columbia County. On February 19, 2004, this Court dismissed the following Defendants: Assistant Public Defender Gregory T. Brown, Attorney General Charlie Crist and Assistant State Attorney Christina Nieto Johnson. See Court's Order (Doc. #14), filed February 19, 2004.

Service of process has not been executed upon Defendant Stacy Dilmore. See Return of Service Unexecuted (Doc. #20) (stating Defendant Dilmore no longer works for the Columbia County Sheriff's Office), dated February 27, 2004, and filed March 2, 2004. Plaintiff was ordered to inform the Court of Dilmore's whereabouts for service of process and was notified that his failure to do so within thirty days would result in the Defendant's dismissal from the action without further notice. See Court's Order (Doc. #21), filed March 26, 2004. Thereafter, Plaintiff notified this Court that Defendant Dilmore, at an April 15, 2004, motion to suppress hearing in Leon County, Florida, testified that he was employed with the Columbia County Sheriff's Department. See Petitioner's Notice (Doc. #30), filed July 16, 2004. In an attempt to assist Plaintiff, this Court ordered Defendants' counsel to notify the Court whether Defendant Dilmore is employed with the Columbia

County Sheriff's Department. See Court's Order (Doc. #32), filed September 10, 2004, at 1, paragraph 1. Defendants' counsel notified the Court that Defendant Dilmore is not employed with the Columbia County Sheriff's Office. See Response (Doc. #33), filed September 10, 2004. The Columbia County Sheriff's Office informed Defendants' counsel that Stacy Dilmore has not been employed with the Columbia County Sheriff's Office since August 8, 2003. Id. Because Plaintiff has had ample time to provide an address for service of process of the Amended Complaint upon Defendant Dilmore and has failed to do so, **Defendant Stacy Dilmore will be dismissed as a Defendant in this case.**

The remaining Defendants are: (1) Frank Owens, (2) Katina Werner, (3) Gabe Kimble, and (4) Randy Dowling. Before the Court is Defendants Frank Owens, Katina Werner, Gabe Kimble and Randy Dowling's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #22).[1] Plaintiff has responded. See Plaintiff's Response to Defendants' Motion to Dismiss, Objection to Dismissal (Doc. #24) (hereinafter Response). In responding to the motion, Plaintiff states that, if Defendants' motion is granted, he

---

[1] Defendant Stacy Dilmore notified the Court that his name was included in Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #22) as the result of a scrivener's error. See Defendant Dilmore's Response Regarding Jurisdiction (Doc. #28); Affidavit of Robert P. Elson (Doc. #29). Defendant Dilmore stated he does not submit to the jurisdiction of the Court and makes no other appearance until properly served with process. Defendant Dilmore's Response Regarding Jurisdiction (Doc. #28).

requests a dismissal without prejudice with an opportunity to refile after the criminal courts have completed their process.[2]

First, Defendants, citing Edwards v. Balisok, 520 U.S. 641 (1997) and Heck v. Humphrey, 512 U.S. 477 (1994), contend that the claims contained within Plaintiff's Amended Complaint are not cognizable in a federal court because they are not ripe for determination. See Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #22) at 2-4. It is undisputed that Plaintiff Centaur entered a plea of guilty in Case No. 02-585-CF to two counts of grand theft (Fla. Stat. § 812.014) and was sentenced, on February 13, 2003, to two concurrent terms of five years of incarceration. Defendants' Exhibits A and B; http://www.dc.state.fl.us/ActiveInmates (website for the Florida Department of Corrections). However, since the circumstances surrounding Petitioner Centaur's conviction for grand theft in Columbia County have not been fully developed in the record before this Court, at this stage in the proceedings, this Court cannot

[2] Plaintiff has pointed out that he currently has a pending habeas corpus case in this Court (3:04-cv-150-J-12HTS). See Plaintiff's Response to Defendants' Motion to Dismiss, Objection to Dismissal (Doc. #24) at 3. In Case No. 3:04-cv-150-J-12HTS, Plaintiff challenges his Columbia County grand theft conviction on three grounds: (1) ineffective assistance of trial counsel because his guilty plea was unlawfully induced by defense counsel's untruthful representations; (2) unconstitutional search and seizure of evidence (challenging the July 2002 search and seizure of property); and, (3) the conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the Defendant. See Case No. 3:04-cv-150-J-12HTS.

conclude that a successful section 1983 action for illegal search and seizure would necessarily imply the invalidity of the conviction. See Hughes v. Lott, 350 F.3d 1157, 1160-61 (11th Cir. 2003); Heck v. Humphrey, 512 U.S. at 487 n.7. **Therefore, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #22) will be denied with respect to this contention.**

Secondly, Defendants contend that Plaintiff's Amended Complaint fails to establish the requisite causal connection between Defendant Sheriff Owens and any alleged constitutional violation. See Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #22) at 4-6. In Plaintiff's Response, he states that the causal connection between Defendant Owens and the constitutional violations is set forth on page 9-H, paragraph 25, of the Amended Complaint. Plaintiff seeks to hold the Sheriff responsible simply because of his position as the head of the Columbia County Sheriff's Department. However, the Sheriff cannot be liable under 42 U.S.C. § 1983 for the unconstitutional acts of his subordinates on the basis of respondeat superior or vicarious liability. Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citation omitted). **Therefore, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #22) will be granted to the extent that Defendant Sheriff Frank Owens will be dismissed as a Defendant in this action.**

Thirdly, Defendants contend that Plaintiff's Amended Complaint should be dismissed pursuant to 42 U.S.C. § 1997e(e). See Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #22) at 6. Upon review of the facts as set forth in the Amended Complaint, there is no assertion of physical injury. Apparently, Plaintiff is seeking damages for emotional distress without a prior showing of physical injury.

With respect to 42 U.S.C. § 1997e(e), the Eleventh Circuit has stated:

> Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This statute is intended to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints. See Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000) (en banc) (surveying the legislative history of the PLRA). An action barred by § 1997e(e) is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice by the district court, allowing the prisoner to bring his claim once released and, presumably, once the litigation cost-benefit balance is restored to normal. Id. at 980.
>
> Tracking the language of the statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody.

Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004).

Here, Plaintiff is bringing a federal civil action, he is a prisoner, and his alleged injuries occurred while he was in custody. Specifically, the alleged injuries were suffered during a custodial episode ("any situation in which a reasonable individual would feel a restraint on his movement such that he would not feel free to leave").[3] Napier, 314 F.3d at 532. Furthermore, Plaintiff did not suffer any physical injury; however, he is apparently seeking monetary damages for mental or emotional injury. **Therefore, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #22) will be granted to the extent that Plaintiff's claim for compensatory and punitive damages for mental or emotional injury, as currently set forth, is barred by § 1997e(e) as long as he remains incarcerated, and the claim will be dismissed.**

---

[3] Upon review of the facts set forth in the Amended Complaint, it appears that a reasonable individual would feel a restraint on his movement such that he would not feel free to leave. Plaintiff states that Defendant Werner, during a traffic stop, took his driver's license, did not return it and told him "he would have to return to his home with them, because they rec[e]ived a tip that he may be in poss[ess]ion of stolen property." Amended Complaint at 9. Plaintiff was "escorted" back to his home with one officer leading him and another officer behind him. Id. at 9A. At the house, Defendant Dowling allegedly "blocked" Plaintiff's driveway. Id.

Plaintiff also has a claim for lost wages. He states that, as a result of his incarceration, he lost his wages. This claim is not barred by 42 U.S.C. § 1997e(e). See Harris v. Garner, 216 F.3d 970, 983 (11th Cir. 2000) (noting that "the statutory purpose behind section 1997e(e) is to prevent prisoners from filing a certain type of claim, and to require that they shoulder the differential opportunity costs of filing that type of claim in the free world if they are released."), cert. denied, 532 U.S. 1065 (2001). A plaintiff may make a claim for lost wages and recover such damages for violations of his constitutional rights pursuant to 42 U.S.C. § 1983, even though other claims in the case for mental or emotional injury suffered while in custody without a prior showing of physical injury have been deemed barred by 42 U.S.C. § 1997e(e). See Burgos v. New Jersey State Parole Bd., No. Civ. 99-3034AETO, 2000 WL 33722126, at *2 (D.N.J. Aug. 7, 2000); see also Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005) (per curiam) (affirming the finding that the First Amendment claim for compensatory relief for mental and emotional distress was barred by 1997e(e) because Plaintiff did not allege physical injury and affirming the dismissal of the deprivation of property claim as frivolous); Hughes v. Lott, 350 F.3d 1157, 1162-63 (11th Cir. 2003) (addressing the deprivation of property claims separately from the claims for compensatory damages for emotional distress suffered while in custody). Finally, Section 1997e(e) does not bar an award

of damages for the alleged loss of Plaintiff's property. Thompson v. Carter, 284 F.3d 411, 418 (2nd Cir. 2002).

Additionally, Defendants contend that the claims against Defendants Werner, Kimble, Dilmore and Dowling, in their official capacities, are both "oxymoronic and redundant." See Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #22) at 7-9. **This portion of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #22) will be denied for further development of the facts.**

With respect to Defendant Kimble, Plaintiff claims that Defendant Kimble allegedly called him names when Plaintiff refused to consent to the search. Amended Complaint at 9C, 9G. Mere threatening language and gestures by an officer is not a constitutional violation actionable under section 1983. See Cook v. City of Elkader, Iowa, No. C03-1029, 2005 WL 151937, at *10 (N.D. Iowa Jan. 21, 2005); Bender v. Crumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993). **For this reason, Plaintiff's claim of verbal abuse against Defendant Kimble will be dismissed.** Since it is unclear as to whether Defendant Kimble participated in the alleged unlawful search, Plaintiff will be permitted to amend to clarify his claim against Defendant Kimble.

Finally, because several of Plaintiff's claims will be dismissed and since the only remaining Defendants are Defendants Werner, Dowling and Kimble, Plaintiff will be given an opportunity

to amend his complaint. As previously stated, this Court dismissed Defendants Gregory Brown, Charlie Crist and Christina Nieto Johnson. See Court's Order (Doc. #14). Therefore, Plaintiff's Second Amended Complaint must not include any claims or allegations with respect to the Defendants who have been dismissed. In amending, Plaintiff should only include claims and allegations against Defendants Werner, Kimble and Dowling with respect to the alleged unlawful search and seizure of July 18, 19, and 22, 2002.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Defendant Stacy Dilmore is **DISMISSED** as a Defendant in this case. Judgment to that effect will be withheld pending adjudication of the action as a whole. See Fed. R. Civ. P. 54.

2. Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #22) is **PARTIALLY GRANTED** to the extent that Defendant Frank Owens is **DISMISSED** as a Defendant in this action. Judgment to that effect will be withheld pending adjudication of the action as a whole. See Fed. R. Civ. P. 54.

3. Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #22) is **PARTIALLY GRANTED** to the extent that any claim for compensatory and punitive damages for mental or emotional injury is **DISMISSED** from this action. Judgment to that

effect will be withheld pending adjudication of the action as a whole. See Fed. R. Civ. P. 54.[4]

4. The remaining portions of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #22) are **DENIED.**

5. Plaintiff's claim of verbal abuse against Defendant Kimble is **DISMISSED.**

6. Plaintiff shall file a Second Amended Complaint as outlined above within **THIRTY (30) DAYS** from the date of this order.[5] Plaintiff should only include claims and allegations against Defendants Werner, Kimble and Dowling with respect to the alleged unlawful search and seizure of July 18, 19, and 22, 2002. Plaintiff shall write this case number and "Second Amended Complaint" on the form and shall provide a copy to Defendants' counsel. Failure to do so will result in the dismissal of this action without further notice.

---

[4] The Court notes that the claims for lost wages and loss of personal property remain.

[5] Plaintiff, in amending, should either use the enclosed civil rights complaint form or follow its format. Further, he should either type the complaint or use black or blue ink, not pencil.

7. The Clerk of the Court shall send Plaintiff a civil rights complaint form for his use in amending.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of June, 2005.

TIMOTHY J. CORRIGAN
United States District Judge

sc 5/19
c:
Vincent Centaur
Counsel of Record